# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: October 25, 2021

Mr. Michael C. Holley
Federal Public Defender's Office
810 Broadway
Suite 200
Nashville, TN 37203

Mr. Robert S. Levine
Office of the U.S. Attorney
110 Ninth Avenue, S.
Suite A-961
Nashville, TN 37203

Re:  Case No. 21-5288, *Keairus Wilson v. USA*
Originating Case Nos. 3:18-cv-00735 : 3:10-cr-00163-27

Dear Counsel,

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Virginia Lee Padgett
Case Manager
Direct Dial No. 513-564-7032

cc:  Ms. Lynda M. Hill

Enclosure

No. 21-5288

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

KEAIRUS WILSON,                              )
                                             )
      Petitioner-Appellant,              )
                                             )
v.                                           )
                                             )
UNITED STATES OF AMERICA,                    )
                                             )
      Respondent-Appellee.               )

> **FILED**
> Oct 25, 2021
> DEBORAH S. HUNT, Clerk

O R D E R

Before:  MURPHY, Circuit Judge.

Keairus Wilson, a federal prisoner represented by counsel, applies for a certificate of appealability, pursuant to 28 U.S.C. § 2253(c) and Rule 22(b) of the Federal Rules of Appellate Procedure, for review of the district court's judgment denying his second or successive motion to vacate, set aside, or correct his sentence that was filed pursuant to 28 U.S.C. § 2255.

A jury found Wilson guilty of RICO conspiracy, in violation of 18 U.S.C. § 1962(d) (Count 1); two counts of murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1) (Counts 2 and 6); two counts of causing death while using or carrying a firearm during and in relation to a "crime of violence," in violation of 18 U.S.C. § 924(j) (Counts 4 and 8); and conspiracy to use or carry a firearm during and in relation to a "crime of violence," in violation of 18 U.S.C. § 924(o) (Count 27).  Wilson was also convicted of two counts (Counts 3 and 7) of using or carrying a firearm during and in relation to a "crime of violence," in violation of 18 U.S.C. § 924(c), but these convictions were overturned on direct appeal.  *United States v. Wilson*, 579 F. App'x 338, 348 (6th Cir. 2014).  The district court ultimately sentenced Wilson to five life terms, for Counts 1, 2, 4, 6, and 8, and twenty years of imprisonment, for Count 27, all to run concurrently.

In 2015, Wilson filed his first § 2255 motion, asserting that he suffered ineffective assistance of counsel on six different grounds.  The district court denied the motion.  *Wilson v.*

No. 21-5288
- 2 -

*United States*, No. 3:15-cv-1058, at PageID 99–103 (M.D. Tenn. June 22, 2016). Wilson did not appeal.

In 2018, Wilson filed a second or successive § 2255 motion in the district court, for which this court granted leave following a transfer by the district court. *See In re Wilson*, No. 18-6058 (6th Cir. Feb. 14, 2019). The motion, as authorized by this court, asserted claims based on *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and *Johnson v. United States*, 576 U.S. 591 (2015), as new rules of constitutional law. *See* 28 U.S.C. §§ 2244(b)(2)(A), 2255(h)(2). Specifically, Wilson argued that the predicate offenses for Counts 4, 8, and 27—the § 924 offenses—qualified as "crimes of violence" only through the residual clause in § 924(c), which is no longer constitutional in light of *Dimaya* and *Johnson*. The predicate offenses were the murders-in-aid-of-racketeering convictions from Counts 2 and 6. These crimes required: (i) the murder of a person; (ii) "for the purpose of gaining entrance to or maintaining or increasing position"; (iii) "in an enterprise engaged in racketeering." *Wilson*, 579 F. App'x at 342-43; *see* 18 U.S.C. § 1959(a)(1).

According to the § 2255 motion, § 1959's murder element incorporated the most applicable state statute. Here, Tennessee's first-degree murder statute is divisible and therefore subject to the "modified categorical approach" in determining whether the offense constitutes a crime of violence under § 924(c)(3). This approach asks courts to look at various "*Shepard*" documents "to determine whether the conviction necessarily depended on the commission of a crime of violence." *United States v. Rafidi*, 829 F.3d 437, 444 (6th Cir. 2016) (quoting *United States v. Rede-Mendez*, 680 F.3d 552, 556 (6th Cir. 2012)); *see Shepard v. United States*, 544 U.S. 13, 26 (2005). Wilson's charging documents for his § 1959 counts incorporated Tennessee Code Annotated § 39-13-202(a)(1), which covers premeditated and intentional murder. He argued that this statute could include nonviolent means of murder, such as by poisoning, and was therefore impermissibly overbroad for qualification as a crime of violence under the elements clause of § 924(c). This court granted leave for the motion to proceed in light of *Dimaya* and *Johnson*. Through appointed counsel, Wilson amended the § 2255 motion after its authorization to include an additional argument for Count 27 that another possible predicate offense, the RICO conspiracy

No. 21-5288
- 3 -

charge of Count 1, also failed to qualify as a crime of violence under the elements clause of § 924(c).

The district court denied the § 2255 motion. The government had argued that the relevant offense that satisfied the murder element in the murder-in-aid-of-racketeering charges is not murder under Tennessee law but the generic federal offense of murder. But the district court interpreted this court's order authorizing the second or successive § 2255 motion as indicating that the murder in this case was under Tennessee law. Nevertheless, the court concluded that Tennessee first-degree premeditated and intentional murder qualified as a predicate offense under the elements clause of § 924(c) based on a similar analysis that the court conducted in *Hall v. United States*, No. 3:20-cv-00646, 2021 WL 119638 (M.D. Tenn. Jan. 13, 2021). The court denied consideration of the additional argument that RICO conspiracy did not qualify as a predicate offense for the firearm conspiracy charge of Count 27 because Wilson introduced that argument after this court had issued the order authorizing the second or successive § 2255 motion. *See Busch v. United States*, No. 1:05-cr-030, 2019 WL 4751702, at *3–4 (S.D. Ohio Sept. 30, 2019), *certificate of appealability denied*, No. 19-4046, 2020 WL 6277420, at *3 (6th Cir. May 20, 2020). The court also determined that the predicate offense for Count 27 was conclusively murder in aid of racketeering, so the eligibility of RICO conspiracy as a crime of violence was irrelevant to Wilson's conviction of Count 27. The district court denied issuance of a certificate of appealability. Wilson filed a timely notice of appeal.

In his motion for a certificate of appealability, Wilson focuses solely on the claim that was authorized in the original second or successive § 2255 motion. He argues that the motion "presents the same argument as does Hall": that first-degree premeditated and intentional murder under Tennessee law does not qualify as a crime of violence under the elements clause of § 924(c). The motion does not address the eligibility of RICO conspiracy as a crime of violence, so the claim that assumes that RICO conspiracy was the predicate crime of violence for Count 27 is forfeited. *See Elzy v. United States*, 205 F.3d 882, 886 (6th Cir. 2000).

No. 21-5288
- 4 -

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). The applicant must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. When the district court's denial of the § 2255 motion is based on the merits of the constitutional claims, the applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Conviction for the § 924 offenses of Counts 4, 8, and 27 required proof that Wilson had engaged in an underlying predicate offense within the scope of § 924(c). That statute provides a sentence enhancement if, during the commission of a "crime of violence" or "drug trafficking crime," the offender uses or carries a firearm or possesses a firearm in furtherance of the predicate crime. 18 U.S.C. § 924(c)(1)(A). A crime of violence is defined either through the elements clause of § 924(c)(3)(A), which requires that the offense "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person or property of another," or through the residual clause of § 924(c)(3)(B), which requires that the offense "by its nature[] involve[] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." In *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), the Supreme Court declared the residual clause in § 924(c) to be unconstitutionally vague, so a conviction for an offense defined by § 924(c), including § 924(j) and § 924(o), must be overturned if the predicate offense cannot qualify as a crime of violence through the elements clause.

The district court had concluded that murder under Tennessee law qualifies as a crime of violence through the elements clause based entirely on its earlier analysis in *Hall*. Our court has already issued a certificate of appealability to review *Hall*, indicating that jurists of reason could conclude that the issues in that case are adequate to deserve encouragement to proceed further.

No. 21-5288
- 5 -

*Hall v. United States*, No. 21-5062 (6th Cir. June 16, 2021). Because this case seemingly presents the same issues, it should lead to the same result.

Therefore, a certificate of appealability is **GRANTED** on the issue of whether murder in aid of racketeering qualifies as a predicate crime of violence for Wilson's § 924 offenses and **DENIED** as to any other issue. The Clerk is directed to set a briefing schedule.

ENTERED BY ORDER OF THE COURT

_____

Deborah S. Hunt, Clerk